. By THe Court
The objection is, in our opinion, fatal to the action. The act of Schenkhoufe, in re-delivering the bill to the drawer, and desiring a remittance for the goods, must operate as a legal extinguishment of the bill. It was fent by the defendants as payment; Schenkhouse refused to receive it in that light; and, accordingly; returned it to the drawer. From that moment the bill was, in effect, cancelled; and Schenkhouse could not afterwards negociate the second bill, fo as to subject the defendants to an action upon it. The remedy of the real, plaintiff, must, therefore, be founded on the original contract; and as we understand that an action in that form is now depending, the principal point of the controversy may be decided in that, without any expence or inconvenience.
On this opinion the plaintiff suffered a non-suit.*

 Schenkhouse v. Gibbs, et al. The action referred to in the Report, was afterwards tried in January Term 1794, before the Judges of the Supreme Court; and the only question agitated was, whether the defendants were liable for the amount of the bill remitted to the plaintiff, under the circumstances above stated ?
Coxe and Ingersoll insisted, that the defendants, by mingling the interest of Schenkhouse with the interest of others, so as to deprive hint of the possession and immediate remedy on Basse & Soyer’s bill, had rendered themselves liable for the loss, that had happened, notwithstanding the general authority given to them, to make remittances in good bills of exchange. 1 Atk. 172. 234. Bull. N.P. 42.3. Cowp. 480. 227. 8. 10. Mod. 109.
Rawle and Dallas contended, that the defendants had acted bona fide, within the spirit of their authority ; and had done for Schenkhouse precisely as they did for themselves. Nothing more ought to be exacted from a factor than reasonable vigilance and strict fidelity. It is usual that there should be one factor, for several merchants ; and if the vendee of all their goods fail, they must bear the loss. 10 Mod. 109. Molloy 493. 494. Cowp. 479. 496. Vir. Abr. 7. Price v. Ralston ant. p. 60. Portener would always be regarded as a trustee for the parties, according to their proportions, and Schenkhouse might make him account.
The Court left the cause to the Jury, who found a Verdict for the defendants.